LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOIDA CAVAZOS,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF FRESNO; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.   23-484<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>3. False Arrest/False Imprisonment<br>4. Battery (Wrongful Death and Survival Damages)<br>5. Negligence (Wrongful Death and Survival Damages)<br>6. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

1. Plaintiff LOIDA CAVAZOS for her complaint against Defendants COUNTY OF FRESNO and Does 1-10, inclusive, allege as follows:

## INTRODUCTION

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and

-1-

state law in connection with the fatal deputy involved shooting of Matthew Lopez, decedent, by members of the County of Fresno Sheriff's Department ("CFSD").

## PARTIES

3. At all relevant times, Matthew Lopez ("Decedent"), was an individual residing in the County of Fresno, California.

4. At all relevant times, LOIDA CAVAZOS ("PLAINTIFF") was an individual residing in the County of Fresno, California. PLAINTIFF sues in both a representative capacity, as Decedent's successor in interest, and in her individual capacity seeks both survival and wrongful damages under both federal and state law.

5. At all relevant times, Defendant COUNTY OF FRESNO ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, COUNTY was the employer of Defendants DOES 1-4, who were COUNTY sheriff's deputies, DOES 5-6, who were COUNTY sheriff's deputies' supervisorial officers, and DOES 7-10, who were managerial, supervisorial, and policymaking employees of the COUNTY Sheriff's Department. On information and belief, at all relevant times, DOES 1-10 were residents of the County of Fresno, California. DOES 1-10 are sued in their individual capacity for damages only.

6. At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as sheriff's deputies and with the complete authority and ratification of their principal, Defendant COUNTY.

7. At all relevant times, Defendants DOES 1-10 were duly appointed deputies and/or employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

8. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of COUNTY.

9. At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

10. The true names of defendants DOES 1 through 10, inclusive, are unknown to PLAINTIFF, who therefore sue these defendants by such fictitious names. PLAINTIFF will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

11. On March 6, 2023, PLAINTIFF served her claim for damages with COUNTY pursuant to applicable sections of the California Government Code.

12. On April 20, 2023, COUNTY rejected PLAINTIFF's claims for damages by operation of law.

## JURISDICTION AND VENUE

13. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Fresno, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 14 of this Complaint with the same force and effect as if fully set forth herein.

16. On September 17, 2022, Decedent was at his aunt's residence located at the 2100 Block of Mayfair Drive East, in Fresno, California.

17. While at his aunt's residence, DOES 1-5 discharged their firearms at Decedent, striking him several times, causing Decedent serious physical injury and eventually killing him.

18. At the time of the shooting, Decedent did not pose an immediate or imminent threat of death or serious physical injury to either DOES 1-5 or any other person. Decedent was not about to kill or seriously injury anyone when he was fatally shot by DOES 1-5, including any of his family members or the involved deputies.

19. During the incident it was obvious, or it should have been obvious to an objectively reasonable officer, that Decedent was experiencing and having a mental health crisis.

20. On information and belief, the involved deputies did not give Decedent a verbal warning that deadly force would be used before using deadly force against him.

21. There were other reasonable alternatives available to the involved deputies, which were not exhausted prior to using deadly force against Decedent. Further, the involved deputies escalated the situation which lead to the use of deadly force against Decedent.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(By Plaintiff against Does 1-5)

22. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

23. DOES1-5's unjustified shooting deprived Decedent of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

24. The unreasonable use of force by Defendant DOES 1-5 deprived the Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

23. As a result, Decedent suffered extreme mental and physical pain and suffering, loss of enjoyment of life and eventually suffered a loss of life and of earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life. Plaintiff is also claiming funeral and burial expenses and a loss of financial support.

24. As a result of the conduct of DOES 1-5, they are liable for Decedent's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

25. This use of deadly force was excessive and unreasonable under the circumstances, especially since it should have been obvious that Decedent was having a mental health crises, and no one was about to be killed by Decedent when he was fatally shot multiple times by the involved deputies. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and

seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

26. The conduct of DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-5.

27. Plaintiff brings this claim as successor-in-interest to the Decedent, and seeks both survival and wrongful death damages for the violation of Decedent's rights.

28. Plaintiffs also seek attorney fees under this claim.

**SECOND CLAIM FOR RELIEF**
**Battery (Cal. Govt. Code § 820)**
(Survival and Wrongful Death)
(Against Defendants Does 1-5 and County)

29. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30. DOES 1-5, while working as sheriff's deputies for the COUNTY's sheriff's department, and acting within the course and scope of their duties, intentionally shot Decedent multiple times. As a result of the actions of DOES 1-5, Decedent suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity. DOES 1-5 had no legal justification for using force against Decedent and said defendants' use of force while carrying out their deputy duties was an unreasonable use of force.

31. As a direct and proximate result of defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of her son, Decedent,

and will continue to be so deprived for the remainder of her natural life. Plaintiff is also claiming funeral and burial expenses.

32. COUNTY is vicariously liable for the wrongful acts of DOES 1-5 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

33. The conduct of DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and Decedent, entitling Plaintiff, individually and as successors-in-interest to Decedent, to an award of exemplary and punitive damages.

34. Plaintiff brings this claim both individually and as a successors-in-interest to Decedent, and seeks both survival and wrongful death damages under this claim.

### THIRD CLAIM FOR RELIEF
**Negligence (Cal. Govt. Code § 820)**
(Survival and Wrongful Death)
(Against All Defendants)

35. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36. The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

    (a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against Decedent;

    (b) the negligent tactics and handling of the situation with Decedent, including pre-shooting negligence;

    (c) the negligent detention, arrest, and use of force, including deadly force, against Decedent;

   (d) the failure to summons and provide prompt medical care to Decedent;

   (e) the failure to properly and adequately assess the mental health crisis that Decedent was experiencing;

   (f) the failure to properly train and supervise employees, both professional and non-professional, including DOES 1-5;

   (g) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent;

   (h) the negligent handling of evidence and witnesses.

37. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent was caused to suffer severe pain and suffering and ultimately died and lost earning capacity. Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life. Plaintiff also is claiming funeral and burial expenses.

38. COUNTY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

39. Plaintiff brings this claim both individually and as successor in interest to Decedent and seeks both wrongful death damages and survival under this claim.

## FOURTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(By Plaintiff against Does 1-5 and County of Fresno)

40. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

42. Conduct that violates the Fourth Amendment can also amount to conduct that violates the California Bane Act.

43. Defendant DOES 1-5 use of deadly force was excessive and unreasonable under the circumstances, especially since it should have been obvious to the involved deputies that Decedent was experiencing a mental health crisis prior to the shooting and also because Decedent did not pose an imminent threat of death or serious bodily injury towards anyone, when he was fatally shot. Defendants' actions thus deprived Decedent of his right to be free from unreasonable searches and seizures and to be free from having unreasonable and excessive force used against him. Further, the involved officers acted with a reckless disregard of constitutional and statutory rights of the Decedent, including the right to be free from having unreasonable and excessive deadly force used against him.

44. DOES 1-5, while working as police officers for the COUNTY's sheriff's department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of Decedent to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

45. On information and belief, Decedent reasonably believed that if he exercised his rights, including his civil rights, DOES 1-5 would commit acts involving violence, threats, coercion, or intimidation against them or their property.

46. On information and belief Defendant DOES 1-5 injured Decedent to prevent him from exercising his rights or retaliated against Decedent for having exercised his rights.

47. Decedent was caused to suffer extreme pain and suffering and eventually suffered a loss of life and of earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life. Plaintiff is also claiming funeral and burial expenses and a loss of financial support.

48. The conduct of DOES 1-5 was a substantial factor in causing the harms, losses, injuries, and damages of Decedent and Plaintiff.

49. COUNTY is vicariously liable for the wrongful acts of DOES 1-5 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

50. The conduct of DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT entitling Plaintiffs to an award of exemplary and punitive damages.

51. Plaintiff bring this claim in a representative capacity as the successors-in-interest to the Decedent, and seek survival damages for the violation of Decedent's rights.

52. The Plaintiff also seek attorney fees under this claim.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants County of Fresno, and Does 1-10, inclusive, as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under state law, in the amount to be proven at trial;

B. For funeral and burial expenses;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E. For reasonable costs of this suit and attorneys' fees; and

F. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: June 6, 2023         LAW OFFICES OF DALE K. GALIPO

                            By _____*s/ Dale K. Galipo*_____
                               Dale K. Galipo
                               Eric Valenzuela
                               Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: June 6, 2023                    LAW OFFICES OF DALE K. GALIPO

                                By      *s/ Dale K. Galipo*
                                    Dale K. Galipo
                                    Eric Valenzuela
                                    Attorneys for Plaintiff