UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOIDA CAVAZOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF FRESNO, et al.,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00859-JLT-BAM<br><br>**ORDER VACATING DECEMBER 1, 2023 HEARING**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND**<br><br>(Doc. 13) |

Plaintiff Loida Cavazos initiated this civil rights action on June 6, 2023, against Defendants County of Fresno and DOES 1-10. (Doc. 1.) Currently before the Court is Plaintiff's motion seeking leave to file a first amended complaint to substitute Deputy Emilo Reyes in place of a DOE defendant. (Doc. 13.) Defendant County of Fresno ("Defendant") filed a statement of non-opposition on October 26, 2023. (Doc. 14.) A reply is unnecessary.

In the absence of opposition, the motion hearing set for December 1, 2023, is VACATED, and the matter is deemed submitted. L. R. 230(g). Having considered the unopposed motion, along with the record in this case, Plaintiff's motion to amend will be GRANTED.

**DISCUSSION**

Rule 15 of the Federal Rules of Civil Procedure provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme

1

Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor.").  Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

Plaintiff seeks to amend the complaint to substitute Deputy Reyes in place of a DOE defendant.  According to the motion, Plaintiff only recently learned, after obtaining initial disclosures from Defendant, that Deputy Reyes was the shooting officer who allegedly used excessive deadly force against the decedent.  (Doc. 13.)  Defendant does not oppose amendment of the complaint "to add the name of a deputy previously referred to as a 'doe' defendant."  (Doc. 14 at p. 2.)

    Having considered the moving papers, as well as Defendant's non-opposition, the Court finds that there will be little prejudice to Defendant in permitting the amendment. Discovery is in its initial stages and non-expert discovery remains open through September 20, 2024. The Court additionally finds that Plaintiff has not unduly delayed in seeking to amend the complaint, the amendment is not brought in bad faith, and there is no indication that such amendment is futile. Accordingly, leave to file a first amended complaint will be granted.

## CONCLUSION AND ORDER

    For the reasons discussed above, IT IS HEREBY ORDERED that:

    1.    Plaintiff's Motion to Amend (Doc. 13) is GRANTED;

    2.    Within five (5) court days after issuance of this Order, Plaintiff shall file a First Amended Complaint to substitute Deputy Emilo Reyes in place of a DOE defendant.

IT IS SO ORDERED.

Dated:   **October 30, 2023**          /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE